IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| JIM CURRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 620-049 |
| ) | |
| OFFICER JUSTIN GALBREATH and ) | |
| LYONS POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at Toombs County Detention Center in Lyons, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

### I.   SCREENING OF THE COMPLAINT

####   A.   BACKGROUND

Plaintiff names Officer Justin Galbreath and the Lyons Police Department as Defendants. (Doc. no. 1, p. 2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. On January 1, 2020, Officer Galbreath of the Lyons Police Department initiated a traffic stop of Plaintiff based on the false pretext Plaintiff was not wearing a seatbelt. (Id. at 3-4.) Officer Galbreath issued Plaintiff a citation for

operating a vehicle under the influence of drugs and alcohol. (Id.) Officer Galbreath never tested Plaintiff for alcohol or drugs and falsely claimed he did on the citation. (Id.) Officer Galbreath searched Plaintiff's vehicle, falsely claimed to have found drug paraphernalia, wrongfully seized Plaintiff's property, and did not take an inventory of the seized items. (Id. at 3, 12.)

During the search, Officer Galbreath located a pistol under the passenger seat of Plaintiff's vehicle. (Id.) Officer Galbreath arrested Plaintiff and passenger Terry White, both of whom denied ownership or knowledge of the gun. Mr. White was released, and Officer Galbreath refused to allow Plaintiff to call a third party to determine ownership of the gun. (Id. at 12.) Danny Earl Settlers admitted the gun was stolen by his cousin Isaac Lyles, also known as "Flip," during a burglary in Treutlen County, Georgia, and Mr. Lyles is currently in jail for the alleged burglary. (Id.) Neither Officer Galbreath nor the Lyons Police Department performed a fingerprint analysis to determine ownership of the gun. (Id.)

Officer Galbreath, without any evidentiary basis, told Plaintiff's son and his son's mother Plaintiff had scars on his face and was under the influence of drugs at the time of his arrest. (Id. at 3.) Officer Galbreath informed Plaintiff's son he initiated the traffic stop because of a faulty tag light. (Id.) Officer Galbreath's false representations of Plaintiff to his son and son's mother have caused Plaintiff mental anguish. (Id.)

For relief, Plaintiff requests punitive damages. (Id. at 5.)

2

B.     **DISCUSSION**

1.     **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must

3

provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. The Court Should Abstain under the Younger Doctrine

The case should be dismissed because of the abstention doctrine. Plaintiff alleges: (1) Officer Galbreath made an illegal search and seizure of Plaintiff's vehicle; (2) Plaintiff has been indicted on fraudulent charges resulting from the illegal search and seizure; (3) Officer Galbreath seized property which had no connection to any criminal investigation and made no record of such seizure; and (4) Officer Galbreath made false statements to Plaintiff's son and son's mother regarding the circumstances of the arrest and Plaintiff's condition.

The charging decision is one that belongs to state authorities, and the question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Furthermore, while Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings,

Younger abstention extends to cases involving § 1983 claims for damages. See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

All three factors weigh in favor of abstention. First, public records, attached hereto as Exhibit A, indicate the underlying criminal proceedings are ongoing.[1] Public records confirm what the complaint implies; i.e., the state proceeding is ongoing. Cf. Steffel v. Thompson, 415 U.S. 452, 462 (1974) ("When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in . . . disruption of the state criminal justice system. . . ."). Second, the state proceeding implicates an important state interest in criminally prosecuting felony offenses. Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions. Younger, 401 U.S. at 45.

Third, Plaintiff has not established the state proceeding would fail to provide an adequate remedy for his federal claim. See 31 Foster Children, 329 F.3d at 1279. Indeed, Plaintiff can raise his illegal stop, search, and seizure issues in the context of Fourth Amendment challenges in his criminal proceedings. Further, Plaintiff can also challenge the truthfulness of Officer Galbreath's statements during the criminal proceedings. Thus, Plaintiff has not satisfied his burden of showing the state proceeding cannot provide an adequate remedy for his claims.

For these reasons, the Court should abstain under Younger, and this case should be

---

[1] See United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (confirming courts may take judicial notice of records from other courts).

dismissed without prejudice.  See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sue sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

## II.     LEAVE TO APPEAL *IN FORMA PAUPERIS*

The Court should also deny Plaintiff leave to appeal *in forma pauperis* ("IFP"). Although Plaintiff has not yet filed a notice of appeal, it is appropriate to address these issues now.  See Fed. R. App. R. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court - - before or after the notice of appeal is filed - - certifies that the appeal is not taken in good faith . . . ."). An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  See id.; 28 U.S.C. § 1915(a)(3).  Good faith in this context must be judged by an objective standard.  See Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing Coppedge v. United States, 369 U.S. 438 (1962)).

A party does not proceed in good faith when seeking to advance a frivolous claim or argument.  See Coppedge, 369 U.S. at 445.  A claim or argument is frivolous when, on their face, the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).  Stated another way, an IFP action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v.

Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. CV 407-085, CR 403-001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff IFP status on appeal.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**. The Court further **RECOMMENDS** Plaintiff be **DENIED** leave to appeal IFP.

SO REPORTED and RECOMMENDED this 25th day of September, 2020, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA